IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

Joseph Sims                    *Amended* COMPLAINT CIVIL ACTION
    PLAINTIFF, Pro Se                        No. 15-5426
        Vs.                                  CASE No. 2011-23784

M.D.J. Francis J. Lawrence, Sr., M.D.J. Robert A.          CASE No. 1991-04865

Saraceni, Sr., Thomas C. Egan, III, Daniel Glammer, (aka, Robert Glammer)

Garrett D. Page, Susan M. Markofsky, Jdg. Stanley Ott,

Kevin McKeon, Joseph Byrnes, M.D.J. Francis J. Lawrence, Jr.,          **FILED**

Kate M. Kelly, Cheryl L. Austin, Joanne Mancini, John P. Gregg,          NOV 2 5 2015

Wendy Demchick-Alloy, Methuselah Bradley, Thomas McBride,          MICHAEL E. KUNZ, Clerk
                                                                   By_____Dep. Clerk
Joseph J. Hylan, Chris Parisi, Frank Flick, M.D.J. Margaret A.

Hunsicker, Stephen Geday, Regina B. Guerin, Joseph Benson,

S. Stowell, A. Santo, R. Emrich, C. Narkin          DEFENDANTS


I.       CAUSE OF ACTION, Constitutional rights depravations and denials
under the color of State law. Violations of Representations to the Court,
Signing of Documents, Pennsylvania Rules Civil Procedure 1023.1(b)(c1), and,
Issues of Disputed Fact. P.R.C. P. 208.4.

Actions against the above named following defendants, are pursuant to
P.R.C.P. 1006(b) Venue, may be brought to enforce a joint and several liability, in
accordance with P.R.C.P. 1006(c1), political subdivisions, pursuant to P.R.C.P.
2103(b), Venue, as provided by an Act of Assembly.

1.      The COMMONWEALTH Political Subdivisions, M.D.J., 38-1-15, Francis J.
Lawrence, Sr., and, M.D.J., 38-1-16, Robert A. Saraceni, Sr., P.R.C.P. 1006
(b)(c1), and, Montgomery County District Attorneys' personnel, 'they', were
the contributing cause in fact of the primary rights of the plaintiff actually
violated by defendants. 'There's to be no discrimination by the
Commonwealth nor any political subdivision thereof, shall deny any person,

..., any civil right in the exercise of any civil right'. <u>PA</u>. <u>Const</u>. <u>ART</u>. 1, § <u>26</u>.

1a. The District Justices Temporary Assn., M.D.J., 38-1-16, R. A. Saraceni, Sr., and, M.D. J., 38-1-15, F.J. Lawrence, Sr., posed the forum between District Justices. <u>Exhibit</u> 1. The District Justice Lawrence recused himself from presiding over the hearing CR-4070-1990.

1b. There Temporary Assn. of District Justice, erroneously dated July 13th 1990. Challenged Pleading. Violation of Representations to the Court, Signing of Documents. Document presented improper purposes. <u>P.R.C.P</u>. 1023.1(b) (c1). Issue of Disputed Fact. <u>P.R.C.P</u>. 208.4. 'No Ex post facto laws, nor any law impairing the obligation of contracts', <u>Pa</u>. <u>Const</u>. <u>ART</u>. 1, § <u>17</u>.

2. The Borough police Advocated Criminal Complaint, time-stamped June 6th RECEIVED, <u>Exhibit</u> 2. Signed by officer Kevin McKeon.

2a. There's no District Attorney office endorsement of the police complaint. <u>Exhibit</u> 2. The joint and several liability, challenged pleading. <u>P.R.C.P</u>. 1006(b) Venue of <u>P.R.C.P</u>. 2103(b), an action against a political subdivision may be brought. Suits against the commonwealth may be brought in such manner, in such courts and in such cases as the legislature may by law direct. <u>Pa</u>. <u>Const</u>. <u>ART</u>. 1, § <u>11</u>. Violation of Representations to the Court, Signing of Documents. Signature of attorney, constitutes a certificate. <u>P.R.C.P</u>. 1023.1(b)(c1). Every pleading directed to the court shall be signed by an attorney of record, advocating such document, and certifies that the document and contentions is not being presented for any improper purpose, such as to harass or cause needless increase of litigation . <u>P.C.R.P</u>. 1023.1(b) (c1). This rule shall not be construed with <u>P.R.C.P</u>. 1024.

2b. The CR-4070-1990, Unsecured bail. <u>Exhibit</u> 3. Date filed and initiation date 07/03/1990. Final Issuing Authority: Robert A. Saraceni, Jr.(?) Arresting Officer: Affiant. Lower Court Docket No.: C23790. Bail Set, 06/13/1990.

3. There'd been no Affidavit of Probable Cause (?) for CR-4070-1990. 4th Amendt. U.S. Constitution.

3a. The name Thomas Egan, of and on the Notes of Transcript, <u>Exhibit</u> 8, wasn't noted on any of the court documents. Challenged pleading. Violation

of Representations to the Court, P.R.C.P. 1023.1(b)(c1). Issues of Disputed Fact. P.R.C.P. 208.4.

3b. CR-4070-1990, referred as Migrated Disposition Event Sentence/ Diversion Program Type. Exhibit 4. Challenged pleading. Violation of Representations to the Court, Signing of Documents. P.R.C.P. 1023.1(b)(c1). Issues of Disputed Fact. P.R.C.P. 208.4. No 'Ex post facto law, nor any impairing the obligation of contracts, of making irrevocable any grant of privileges or immunities, ....'  . Pa. Const. ART. 1, § 17.

3c. The 11/08/1990 date, referred as Final Disposition. Exhibit 4. A trial of less than 180 days. 6th Amendt. U.S. Constitution, Speedy Trial.

3d. CR-4070-1990, referred as Migrated Automatic Registry Entry Text. Exhibit 5. Issues of Disputed Fact P.R.C.P. 208.4. Violation of Representations to the Court. Signing of Documents. P.R.C.P. 1023.1(b)(c1).

3e. Black's Law Dictionary does not define a 'Migrated case', disposition!

4. The Hearing date for CR-4070-1990, was 06/13/1990, Exhibits 3 and 6. There was no 08/22/1990 nor 06/29/1990 Testimony before District Justice, Exhibit 6. Challenged pleading, document presented for improper purpose. Issues of Disputed Fact. P.R.C.P. 208.4. Violation of Representations to the Court. P.R.C.P. 1023.1(b)(c1).

4a. Notes of Transcript, pg. 1a, Exhibit 8, Plaintiff Joseph Sims was made to Witness, in CR-4070-1990, as a defendant, 'compelled to witness against himself'. 5th Amendt. U.S. Constitution.

4b. There'd been no Due Process of Law protection clause adherence, 5th and 14th Amendt. U.S. Constitution.

5. Plaintiff Joseph Sims' solicited statement, Exhibit 7. Statement, asked by Norristown P.D., of Joseph Sims, the night of June 2nd 1990. Text, 'Sims reported-Sims stated'. Exhibit 7. Document submitted for improper purpose. Challenged pleading. Violation of Representations to the Court, Signing of Documents. P.R.C.P. 1023.1(b)(c1). Issues of Disputed Fact, P. R. C.P. 208.4.

5a. This solicited statement as can be evidenced was for CR-4063-1990, Affidavit of Probable Cause, Exhibit 7. For prosecuting co-case defendant

John Adams. Prosecutorial misconduct and Investigative defect.

    5b. Norristown P.D. Joseph Byrnes as, Affiant(?), the detective signer.

6. The Notes of Transcript, cover, Exhibit 8. List the Pre.-Lim. Hearing date, June 29th 1990. The hearing was 06/13/1990, Exhibits 3, 6.

    6a. CR-4070-1990 and CR-4063-1990, on N. of T., cover, (Challenged pleading), list: A.D.A. Thomas C. Egan, III, for Commonwealth, A.P.D. Daniel Glammer (aka, Robert Glammer) for John Adams. Not listed, Garrett D. Page, represented Robert Hill. Prosecutorial Misconduct and Investigative defect. Violation of Representations to the Court, Signing of Documents. P.R.C.P. 1023.1(b)(c1). Issues of Disputed Fact. P.R.C.P. 208.4.

7. The Notes of Transcript, cover, Exhibit 8, show CR-4070-1990 and CR-4063-1990.

    7a. The Transcript reads, Mr. Robert Reilley, Jr., Atty. for Mr. Sims, Defendant.

    7b. N. of T, Pg. 2, Exhibit 8, reads, Thomas Egan (converses), 'as a pre.-lim. matter, [this matter being continued once before, P.R.Crm.P., presence of accused at all stages of proceedings]; Plaintiff wasn't there, 'continued once before'.

    7c. [T. Egan, N.T., pg. 2], 'the Commonwealth spoke with the District Atty. and we've given Mr. Sims, 'limited immunity'(?).'No Ex post facto law, nor any impairing the obligation of contracts, or making irrevocable any grant of special privileges or immunities, shall be passed'. Pa. Const. Art. 1, § 17.

    7d. N.T., pg. 2, T. Egan, saying, the 'last proceeding, (District Justice) Judge Lawrence gave a signed Court Order, Mr. Sims charged as a Defendant, we're forcing him to testify on behalf of the Commonwealth. '… nor shall be compelled in any criminal case to be a witness against himself'. 5th Amendt. U.S. Constitution.

    7e. N.T., pg. 2, Exhibit 8, Mr. Egan says, he'd, 'a subpoena to that effect'. 'What he says, Mr. Sims, here won't be used against him in terms of the immunity petition', [No Ex post facto laws, nor any impairing the obligation

of contracts, Pa. Const. ART. 1, § 17], but he has no choice to testify'. Contrary to, Notes of Transcript, pgs. 33 and 34, Exhibit 8, 'the Court' saying, 'the court finds a prima facie cases have been established against Mr. Adams and Mr. Sims.

7f. N. of T., pg. 3, Mr. Egan further says,  'I went to Jdg. Ott, [Stanley Ott, Orphan's Court Judge?], and Jdg. Ott signed an amended order, which also provides for the immunity petition. Document presented for improper purpose. Challenged pleading. Violation of Representations to the court. Signing of Documents. P.R.C.P. 1023.1(b)(c1). Issues of Disputed Fact. P.R.C.P. 208.4.

7g. [T. Egan, N.T., pg. 3, to the Court], 'I'd just like to give that to you' [the amended order!], 'for your file'. Challenged pleading.

7h. Mr. Reilley, plaintiff, Joseph Sims' attorney asserts, Notes of Transcript, pg. 3, 'Your Honor, I'd just like to have a copy of that'. Mr. Reilley's request for a copy was never responded to or adhered to. Assistance of Counsel, not acknowledged. 6th Amendt. U.S. Constitution.

8. The Bill of Information for CR-4063-1990. Exhibit 9.

8a. This bill of Information, Exhibits 9, 10, is Plaintiff Joseph Sims's concealed firearm attributed to be the possession of John Adams,. This is the property which is the subject matter of the action. P.R.C.P. 1006(a2). Challenged pleading. Document presented for improper purpose. Violation of Representations to the Court,  P.R.C.P. 1023.1(b)(c1). Issues of Disputed Fact, P.R.C.P. 208.4. The right of the people to keep and bear Arms. 2nd Amendt. U.S. Constitution. The right to bear arms. Pa. Const. ART. 1, § 21.

8b. Susan M. Markofski's name and signature are on both Bill of Info., Exhibits 9, 10. Signature as certificate. Document presented for improper purpose. Violation of Representations to the Court. Signing of Documents. P.R.C.P. 1023.1(b)(c1). Prosecutorial misconduct and Investigative defect. Theft by Deception, 18 Pa. C.S. § 3922(a).

8c. This A.D.A., T. Egan, and, A.P.D., Daniel Glammer, never inferred the night of June 2nd 1990 was an attempt and effort to sell and exchange Plaintiff Joseph Sims firearm. Exhibits 7, 9,10.

8d. Your Plaintiff, hadn't realized until he looked at CR-4063-1990 with CR-4070-1990. 2nd Ament. U.S. Constitution, 'the right of the people to keep and bear Arms, shall not be infringed'. Initiation of criminal proceedings, Pa. Const. ART. 1, § 10. Issues of Disputed Fact. P.R.C.P. 208.4. Violation of Representations to the Court. Signing of Documents. P.R.C.P. 1023.1(b)(c1).

8e. Scienter, a degree of knowledge that makes a person legally responsible for the consequences of his or her act or omission. A mental state consisting in an intent to deceive and defraud.

9. The Notes of Transcript do not hint at the Bills of Information of CR-4063-1990, Exhibits 9, 10, as an exchange of any kind that'd taken place. Theft by Deception, 18 Pa. C.S. § 3922(a). Violation of Representations to the Court. Signing of Documents. P.R.C.P. 1023.1(b) (c1). Issues of Disputed Fact. P.R.C.P. 208.4.

RELIEF: Equitable relief is sought with respect to the property, P.R.C.P. 1006(a2), and, Declaratory relief. Alternative relief, Expungement of record. Right of participants to receive Reasonable counsel Attorney's fees, 42 Pa. C.S. § 2503(9). And, Extraordinary relief. Mental anguish, Emotional distress, personal injury.

II.        CAUSE OF ACTION, Constitutional rights depravation and rights denials under the color of State law. Violation of Representations to the Court, Signing of Documents, P.R.C.P. 1023.1(b)(c1). Issues of Disputed Fact, P. R.C.P. 208.4(b)(1).

Actions against the following defendants, P.R.C.P. 1006(b), pursuant to P.R.C.P. 2103(b), may be brought to enforce a joint and several liability, P.R.C.P. 1006(c1-2), as provided by an Act of Assembly.

10. The M.D.J., 38-1-15, Francis J. Lawrence, Sr., and, the M.D.J., 38-1-16, Robert A. Saraceni, Sr., they'd been stalking and harassing your Plaintiff for quite some while.

Unbeknownst to your Plaintiff.

10a. Exhibit 11. Here, Joseph Sims, during 1973, enrolling to the Montgomery County Community College. The Magisterial District Justices had accessed Joseph Sims Veterans Admin., 'C-File'. Plaintiff hadn't known the document was there and that he/I was , (items 17, 18, 19, of Exhibit 11) was going to obtain a Associates Degree, a Bachelors Degree then go onto the Law School for Justice of the Peace.

10b. They 'forged' my name and signature to this document. Exhibit 11.

11. Commonwealth political subdivision, M.D.J., 38-1-15, Francis J. Lawrence, Jr., 02/16/00, committed the 'Double Jeopardy' of CR-4070-1990 and CR-4063-1990. Exhibit 12. 'Twice in jeopardy', Pa. Const. ART. 1, § 10. Violation of the Double Jeopardy protection clause. '… nor shall any person be subject for the same offence to be twice put in jeopardy', 5th Amendt. U.S. Constitution.

11a. Kate M. Kelly, privately retained by Plaintiff, but not on Assignment of Bail for Legal Fees, terms. Exhibit 13. Kate Kelly extorted Plaintiff's 'posted bail', $5,000.  Ineffective Counsel. With Cheryl Austin. Exhibit 14. 'No Ex post facto laws, nor any impairing the obligation of contracts, ….'  . Pa. Const. ART. 1, § 17.

11b. Kate M. Kelly's (aka, Susan M. Markofski?) Certificate of Service, includes Cheryl Austin's name. Exhibit 14. Prosecutorial misconduct and Investigative defect. Issues of Disputed Fact P.R.C.P. 208.4. Violation of Representations to the Court. Signing of Documents. P.R.C.P. 1023.1(b)(c1). No Ex post facto laws, nor any impairing the obligation of contracts. Pa. Const. ART. 1, § 17.

11c. There'd been no Affidavit of Probable Cause for CR-1900-2000.

12. Cheryl Austin, represented the Commonwealth's Response to Motion for Return of Property, Exhibit 15.

12a. Misc. 912 Oct. 1999, Exhibits 15, 16,  is the property which is the subject matter of the action. P.R.C.P. 1006(a2). Violation of Representations to the court, Signing of Documents P.R.C.P. 1023.1(b)(c1). Issues of Disputed Fact.

P.R.C.P. 208.4. Double Jeopardy protection clause violation, 5th Amendt. U. S. Constitution.

12b. Mark Keenheel's Misc.912 Oct. 1999, Petition For Return of Property,

Exhibit 16.

13. Cheryl Austin was the A.D.A. that prosecuted CR-1900-2000, 01/09/2001. Exhibit 15a. Violation of Representations to the Court, Signing of Documents. P.R.C.P. 1023.1(b)(c1). Issues of Disputed Fact. P.R.C.P. 208.4. Prosecutorial misconduct and Investigative defect.

13a. Cheryl Austin's reference to New Matter, in Commonwealth's Response to Petition, Exhibit 15, is a U.S. Patents office reference to disconformity. Violation of Representations to the Court. Signing of Documents. P.R.C.P. 1023.1(b)(c1). Issues of Disputed Fact. P.R.C.P. 208.4. Theft by Deception. 13b. Cheryl Austin, knew, Mr. Keenheel's, Misc. 912 Oct. 1999 PETITION, and its wording. Petition text, Exhibit 16, ' …. at the time of his/Mr. Sims arrest, N.P. seized the Petitioner's .380 cal. Semi-automatic Grendel P-10, Serial #17954, with a valid permit, and, the firearm was not used for any illegal purpose'. It expressed and showed Plaintiff the rightful owner of the firearm. The Montgomery County Sheriff's Dept. asked Plaintiff to turn in his permit by letter.
13c. Ms. Austin's New Matter of the Commonwealth's Response as referred to in P.R.C.P. 1030(a), is duress, fraud, illegality. Issues of Disputed Fact P.R.C.P. 208.4. Violation of Representations to the Court. Signing of Documents. P.R.C.P. 1023.1(b)(c1).

14. Joanne Mancini, a cohort with Kate M. Kelly and Ms. Austin, sent Mark Keenheel a correspondence, Exhibit 17, regarding the Commonwealth's Response to Misc. 912 Oct. 1999 petition. Violation of Representations to the Court. P.R.C.P. 1023.1(b)(c1). This is the property which is the subject matter of the action. P.R.C.P. 1006(a2).

14a. Joanne Mancini, a correspondence to the Judge Del Ricci, the District Attorney's office requesting some continuance. Exhibit 18. Violation of Representations to the court, Signing of Documents. P.R.C.P. 1023.1(b)(c1). Issues of Disputed Fact. P.R.C.P. 208.4.

14b. Kate. M. Kelly and Cheryl Austin, Exhibit 14, contrived to dupe and Mis-Represent, Plaintiff's Assistance of Counsel, 6th Amendt. U.S. Constition. Violation of Representation to the Court. Signing of Documents. P.R.C.P. 1023.1(b)(c1). As if Misc. 912 Oct. 1999 represented possession of instrument of crime. Exhibit 16. The right of the people to keep and bear Arms, shall not be infringed. 2nd Amendt. U.S. Constitution. Theft by Deception.

14c. Kate Kelly's Amended PreTrial Motion, Exhibit 19. There was no due process of law protection clause adherence, 5th and 14th Amendts. U.S. Constitution.

14d. Plaintiff, in the, N. of T. INDEX pg.1, Exhibit 15a, was made to witness against himself. CR-1900-2000. ' … nor shall be compelled in any criminal case to be a witness against himself, …'. 5th Amendt. U.S. Constitution.

14e. CR-1900-2000 encompassed the exact charges as CR-4070-1990, Exhibits 4, 20. CR-1900-2000 hadn't involved a weapon nor firearm. Exhibits 20, 24. Ineffective counsel. Violation of Representations to the Court. Signing of Documents. P.R.C.P. 1023.1(b)(c1). Issues of Disputed Fact, P.R.C.P. 208.4.

14f. CR-1900-2000, termed Migrated case and Disposition. With a Migrated Judge. Exhibits 20 and 23. As was CR-4070-1990, Exhibit 4.

14g. Kate Kelly's Omnibus Motion, Exhibit 21. The 01/05/2001 reference, (never submitted to the court) for CR-1900-2000. Dismissal Merges, Misc. Restitution of $850 (for Frank Snowden), Migrated Sentence, and, Cash Bail Refund postings.

14h. Kate Kelly request of Misc. Restitution. She'd never presented a Hospital E. R. report for Frank Snowden. 'He' never suffered any injury. Exhibit 21. Violation of Representations to the Court, Signing of Documents. P.R.C.P. 1023.1(b)(c1). Issues of Disputed Fact. P.R.C.P. 208.4.

15. Kate Kelly's, Trial/Plea/Sentence sheet, Exhibit 22, lists CR-4070-1990, the 'lower left-hand corner' of the sheet.

    15a. CR-1900-2000, Exhibit 25, Migrated Disposition, with Migrated Judge.

    15b. CR-1900-2000, the date(s) moves from, 01/09/2001, Exhibits 20, 25, to, 06/05/2006 date(s). Exhibits 25, 26.

    15c. CR-1900-2000, 01/09/2001, to, 06/05/2006, for CR-1761-06. Exhibits 20, 25. ' nor shall any person be subject for the same offence to be twice put in jeopardy, …   .' 5th Amendt. U.S. Constitution. Violation of Representations to the Court. Signing of Documents. P.R.C.P. 1023.1(b)(c1). Issues of Disputed Fact, P.R.C.P. 208.4.

16. Here's a Hardship/Exoneration Order for CR-1900-2000, Exhibit 27. Dated 29 June 2001. Plaintiff's impression is 'if one is exonerated for anything one is exonerated for everything'.

17. The Pennsylvania State Police criminal history record, Exhibit 28. With the Arrested date: 10/16/1990, [the 10/16/1990 date, had nothing to do with CR-4070-1990. There never was a hearing for 10/16/1990], Disposition Date : 11/05/1990. The Arrested: 02/16/2000 date with the Disposition Date: 01/09/2001, District Justice 38-1-15.

    17a. The 02/16/2000 date, list, CC2701A2 Simple Assault - F2(?) Exhibit 28. This is the property which is the subject matter of the action. P.R.C.P. 1006 (a2). Issues of Disputed Fact. P.R.C.P. 208.4. Violation of Representations to the Court. Signing of Documents. P.R.C.P. 1023.1(b)(c1).

    17b.  The Felony 2, is what 18 Pa. C.S. § 3922(a), accesses a person who commits Theft by Deception. Violation of Representations to the Court, P.R.C.P. 1023.1(b)(c1), and, Issues of Disputed Fact, P.R.C.P. 208.4.

18. Kate Kelly, looked at plaintiff's Veterans Admin. 'C-File', though never mentioned it. She'd never sought or requested my consent to look at my V. A. 'C-File'. Exhibits 29, 30. Plaintiff's hearing before the 'Board' of Vet. Appeals.

18a. Scienter, a degree of knowledge that makes a person legally responsible for the consequences of his or her act or omission. A mental state consisting in an intent to deceive and defraud.

RELIEF: Equitable relief is sought with respect to the property, P.R.C.P. 1006(a2), and, Declaratory relief. Alternative relief, Expungement of record. Right of participants to receive Reasonable counsel Attorney's fees, 42 Pa. C.S. § 2503(9). And, Extraordinary relief. Mental anguish, Emotional distress, personal injury.

III    CAUSE OF ACTION, Constitutional rights depravation and rights denials under the color of State law. Violation of Representations to the Court, Signing of  Documents. P.R.C.P. 1023.1(b)(c1). Issues of Disputed Fact. P.R.C.P. 208.4.

Actions against the following defendants, P.R.C.P. 1006(b) may be brought to enforce a joint and several liability, P.R.C.P. 1006(c1), pursuant to P.R.C.P. 2103(b), as provided by an Act of Assembly.

19. CR-1761-2006, with CR-1900-2000, represented by A.D.A., Chris Parisi and Frank Flick for defendant Joseph Sims. Exhibit 31. Is another 'double jeopardy protection clause' and 'due process of law protection clause', violations. 5th and 14th Amendt. U.S. Constitution.

19a. Plaintiff made to witness against himself, Notes of Transcript , pg. 2, Exhibit 31, CR-1761-2006. ' ..., nor shall be compelled in any criminal case to be a witness against himself', 5th Amendt. U.S. Constitution.

19b. The Trial/Plea/Sentence sheet, Exhibit 32, of Chris Parisi and Frank Flick, 06/05/06. With, 11/20/2002, Gag! Date, and, 01/28/2004 date, penciled in beneath the Date of Plea, (Trial, line drawn through trial) 01/09/01, with CR-1900-2000 charges listed. With, the, 06/05/2006 dates, Exhibits 25, 26. Blacks Law Dictionary doesn't define or mention a GAGNON(!). Documents presented for improper purpose. Violation of

Representations to the Court, Signing of Documents. P.R.C.P. 1023.1(b)(c1). Issues of Disputed Fact. P.R.C.P. 208.4.

19c. CR-1761-2006, didn't involve a weapon or a firearm. Theft by Deception. Prosecutorial misconduct and Investigative defect. Violation of Representations to the Court. Signing of Documents. P.R.C.P. 1023.1(b)(c1). Issues of Disputed Fact. P.R.C.P. 208.4.

19d. The HARDSHIP/Exoneration Order, Exhibit 33, again, for CR-1900-2000 as CR-1761-2006, Exhibits 20, 25, 26, 31.

19e. Scienter, a degree of knowledge that makes a person legally responsible for the consequences of his or her act or omission. A mental state consisting in an intent to deceive and defraud.

RELIEF: Equitable relief is sought with respect to the property, P.R.C.P. 1006(a2), and, Declaratory relief. Alternative relief, Expungement of record. Right of participants to receive Reasonable counsel Attorney's fees, 42 Pa. C.S. § 2503(9). And, Extraordinary relief. Mental anguish, Emotional distress, personal injury.

IV.     CAUSE OF ACTION : Constitutional rights depravation and rights denials under the color of State law. Violation of Representations to the Court, Signing of  Documents. P.R.C.P. 1023.1(b)(c1). Issues of Disputed Fact. P.R.C.P. 208.4(b)(1).

Actions against the following defendants, pursuant to P.R.C.P. 1006(b) may be brought  to enforce a joint and several liability, P.R.C.P. 1006(c1-2), pursuant to P.R.C.P. 1006a.1 and P.R.C.P. 2103(b), as provided by an Act of Assembly.

20. CR-9120-2001, with, CR-1900-2000, was a Medical professional liability action, P.R.C.P. 1006a.1, represented by Atty. John P. Gregg, Exhibit 34, and, Atty. Methuselah Bradley (privately retained). P.R.C.P. 2130, action against a partnership. With, A.D.A., Wendy DemChick-Alloy. They posed the Mental

Health Involuntary Commitment, May 2002, for Plaintiff Joseph Sims. As listed, on Pennsylvania Instant Check System. They'd never listed the MCARE in Court record files. 42 Pa. C.S. §5101.1(c). Violation of Representations to the Court. Signing of Documents. P.R.C.P. 1023.1(b)(c1). Issues of Disputed Fact. P.R.C.P. 208.4.

20a. Plaintiff asserts, P.R.C.P. 1006(a.1)(c1-2), 42 Pa. C.S. §5101.1(c), a Medical Professional Liability claim. 'Every person for a legal injury done him in his person or reputation has a remedy by due course of law and right and justice , ...   '. 'Any claim seeking the recovery of damages or loss arising out of any breach of contract, causing injury...  '. Remedy to exist for legal injury, Venue in, P.R.C.P. 1042.1(a)(c2), Professional liability claim asserted against an Attorney at law, [action against a partnership, P.R.C.P. 2130a]. Documents presented for improper purpose. Violation of Representations to the Court. Signing of Documents. P.R.C.P. 1023.1(b)(c1). Issues of Disputed Fact. P.R.C.P. 208.4.

20b. CR-9120-2001, was, the, Misc. 912 Oct. 1999, Exhibit 16. CR-9120-2001, is an erroneous case, another Theft by Deception, of John P. Gregg, Methuselah Bradley and Wendy DemChick-Alloy. The property which is the subject matter of the action. P.R.C.P. 1006(a2). Violation of Representations to the Court, P.R.C.P. 1023.1(b)(c1). Issues of Disputed Fact, P.R.C.P. 208.4.

20c. John Gregg, was Ineffective Counsel, is of High Swartz, LLP. [P.R.C.P. 2130a, action against a partnership]. He'd been privately retained, Exhibit 35, he breached our contractual obligation. 'No Ex post facto laws, nor any impairing the obligation of contracts, etc., shall be passed. PA. Const. ART. 1, § 17. John Gregg, represented, 'Certain persons not to appear as counsel', 42 Pa. C.S. §2502(a) general rule. 'He was an attorney at law who is an employee of a court', 'he was not to appear as a counsel in such court'. John Gregg is chairman of Montgomery County and State of Pennsylvania  Public Defender offices. Violation of Representations to the Court, Signing of Documents. P.R.C.P. 1023.1(b)(c1). Issues of Disputed Fact, P.R.C.P. 208.4.

20d. John Gregg represented CR-9120-2001 and CR-1900-2000, Exhibits 36, 37, Nov. 20, 2002. Exhibit 37, lists the Trail/Plea/Sentence sheet Date of Plea/Trial, January 9th 2001, Date of Original Sentence, . Prosecutorial misconduct and Investigative defect. Violation of Representations to the Court, Signing of Documents. P.R.C.P. 1023.1(b((c1). Issues of Disputed Fact, P.R.C.P. 208.4.

20e. CR-9120-2001, referred to as Migrated case, Exhibit 38. 01/07/ 2002(?). And, Migrated Dispositional Event, on Exhibit 39. No Ex post facto laws, nor any impairing the obligation of contracts, or making irrevocable any grant of privileges or immunities, shall be passed. PA. Const. ART. 1, § 17.

20f. Plaintiff was made to witness against himself, Exhibit 34 Index page. 5th Amendt. U.S. Constitution. A Double Jeopardy protection clause violation of CR-1900-2000 and Misc. 912 Oct. 1999 petition. And, due process of law protection clause violation. 5th and 14th Amendts. U.S. Constitution. Theft by Deception.

20g. John P. Gregg extorted over $14,000 plus dollars from the plaintiff as though representing plaintiff on a continuing basis.

21. CR-9120-2001 and CR-1900-2000 was again, 01/28/2004, a 'double jeopardy protection clause ' and 'due process of law protection clause' violations. Exhibits 40, 41. Date of Original Sentence, 11/20/02, Exhibit 40, and, Date of Original Sentence, 01/09/2001, Exhibit 41. Violation of Representation to the Court. Signing of Documents. P.R.C.P. 1023.1 (b)(c1). Issues of Disputed Fact. P.R.C.P. 208.4.

21a. CR-9120-2001 and CR-1900-2000, Jan. 28th, 2004, were once more Represented by the A.D.A. Thomas O'Brien with J. Joseph Hylan, Exhibit 42.

21b. Joseph Sims, made to witness against himself, Exhibit 42, Index page. 5th Amendt. U. s. Constitution. Prosecutorial misconduct and Investigative defect. Violation of Representations to the Court. Signing of Documents. P.R.C.P. 1023.1(b)(c1). Issues of Disputed Fact. P.R.C.P. 208.4.

21c. J. Joseph Hylan had gotten your Plaintiff released from a MCARE

Mental Health Involuntary Commitment to the Norristown State Hospital (June 2003 to January 28th 2004) after eight months.

21d. Plaintiff claims against A.D.A. Thomas O'Brien, P.R.C.P. 1006(a.1) (c2), 42 Pa. C.S. §5101.1(c), a Medical Professional Liability claim. 'Every person for a legal injury done him in his person or reputation has a remedy by due course of law and right and justice , …  .' 'Any claim seeking the recovery of damages or loss arising out of any breach of contract, (Attorney at law), …  .' Remedy to exist for legal injury, Venue in medical professional liability claim. P.R.C.P. 1042.1(a)(c2).

21e. Scienter, a degree of knowledge that makes a person legally responsible for the consequences of his or her act or omission. A mental state consisting in an intent to deceive and defraud.

RELIEF: Equitable relief is sought with respect to the property, P.R.C.P. 1006(a2), and, Declaratory relief. Alternative relief, Expungement of record. Right of participants to receive Reasonable counsel Attorney's fees, 42 Pa. C.S. § 2503(9). And, Extraordinary relief. Mental anguish, Emotional distress, personal injury.

V.      CAUSE OF ACTION, Constitutional rights depravation and rights denials under the color of State law. Violation of Representations to the Court, Signing of  Documents. P.R.C.P. 1023.1(b)(c1). Issues of Disputed Fact. P.R.C.P. 208.4.

Actions against the following defendants, P.R.C.P. 1006(b) may be brought  to enforce a joint and several liability, P.R.C.P. 1006(c1-2), pursuant to P.R.C.P. 2103(b), as provided by an Act of Assembly.

22. The Commonwealth political subdivision, M.D.J., 38-1-16, Margaret A. Hunsicker's, 04/19/2009, lower Court docket CR-0287-09, with arresting officer Joseph Benson, became CR-3259-2009. Exhibit 43. Plaintiff was not allowed 'to be confronted with the witnesses against him nor allowed to have

compulsory process', 6th Amendt. U.S. Constitution. Nor confronted with his accusers comparably identified. Nor Assistance of Counsel, 6th Amendt. U.S. Constitution. By, M.D.J., M.A. Hunsicker, nor Borough officer Joseph Benson. No discrimination by Commonwealth and its political subdivisions. Pa. Const. ART. 1, § 26.

22a. Confinement Information: Exhibit 43, 06/02/1990, 02/16/2000, 12/07/2001, 02/20/2006, and 04/19/2009. Not listed is 11/20/02 and 01/28/04, dates. Here again was an attempt to due process of law protection clause and double jeopardy protection clause violate CR-4070-90, CR-4063-90, CR-1900-00, and, Misc. 912 Oct. 1999 petition, etc.

22b. The Joseph Benson, Affidavit of Probable Cause 04/19/2009, Exhibit 44. Prosecutorial misconduct and Investigative defect.

22c. The proper name of Colleen Whighaz, was never used, in the A.P.C., Exhibit 44. Violation of Representations to the Court. Signing of Documents. Document presented for improper purpose. P.R.C.P. 1023.1(b)(c1). Issues of Disputed Fact. P.R.C.P. 208.4.

22d. The Jim Richet, of the Affidavit of Probable Cause, Exhibit 44, 04/19/2009, had asserted to plaintiff that a P.F.A. order existed to the effect 'I', wasn't allowed in the presence of this Ms. Whighaz at the New Life Mennonite Church. No P.F.A. ever existed.

22e. Here is a Non-Traffic citation, P9703597-1, from February 2nd, 2013, where the Negro female Colleen Whighaz, uses her (supposed) real Colleen Whigham-Brockington name. Exhibit 45.

22f. The Commonwealth political subdivision, M.D.J., 38-1-16, Margaret A. Hunsicker, there'd been no due process of law protection clause adherence. 5thand 14th Amendts. U.S. Constitution.

22g. This Joseph Benson have removed himself from the Borough of Norristown police force and Montgomery County such that he's nowhere to be found.

23. This Stephan Geday, A.D.A., the Judge Hodgson(CRT. CMMN. PLEAS), and, Regina Guerin, with the M.D.J., Margaret A. Hunsicker, wouldn't allow, I

had no acquaintance with this Ms. Whighaz, from the affidavit of Probable Cause to when the case became CR-3259-09. And that I'd always been a welcome congregant at the Mennonite Church.

23a. The Joseph Benson denied plaintiff his citizen clause rights, 14th Amendt. U.S. Constitution. Unlawful arrested and unlawfully detained me.

24. Stephan Geday were one of the A.D.A.'s for CR-3259-09 when the case of matter reached the CRT. Of CMMN. PLEAS. Stephan Geday, he'd listed plaintiff as Pro Se on the Notes of Transcript for CR-3259-09.

24a. Stephan Geday, delivered the Request for Discovery Info. Exhibit 46, to Pro Se Joseph Sims. This N.C.I.C. Info., Stephan Geday gave me. Plaintiff as an appellant, DOB/19511224. 12/24/1951, appellant's birthdate, item. Subject is a Deported Criminal/Aggravated Felon. ORI is Bureau of Immigration and Customs enforcement. Warning regarding following Record - Subject of NIC/N150179924 is a previously Deported Felon.

24b. Exhibit 47. End of IMMIGRATION VIOLATOR(?) file response.

24c. Exhibit 48. There are FIELDS THAT CANNOT BE TRANSLATED.

24d. The Montgomery County District Attorneys' office personnel had 'Identity Theft' me. Gave away my personal identifying information.

25. The Judge Hodgson with Regina Guerin, Exhibit 49, posed making I take and accept the Regina Guerin as my appointed counsel. Her reputed Certificate of Service. Omnibus Pre-Trial Motion, 08/26/09. Ineffective counsel of my Assistance of counsel. 6th Amendt. U.S. Constitution.

25a. Judge Hodgson's purported ORDER, 19 Nov. 2009, Exhibit 50; 'IT IS FURTHER ORDERED that Dr. Rocio Nell address the issue of whether or the defendant is competent, …' . Etc. Exhibit 50. Medical Professional Liability Action. P.R.C. P. 1042.1(a)(c2). They'd been no due process of law protection adherence, 5th and 14th Amendt. U.S. Constitution.

25b. Your plaintiff, asserts a Medical Professional Liability Claim against Regina Guerin (an Attorney at law), P.R.C.P. 1006(a.1), of, P.R.C.P. 1042.1(a2)(c2). It was made clear I didn't want the Ms. Guerin. The Court

forced me take her. 'No Ex post facto laws, nor any impairing the obligation of contracts, etc.' Pa. Const. ART. 1, § 17.  In all criminal prosecutions the accused has a right to be heard by himself, etc. 42 Pa. C.S. §2501(b).

25c. Ms. Guerin had a relative, in Com. vs. Cullen, 216 Pa. Super. 23, 260 A.2d 818, a, C. L. Guerin, P. J., in 1951, imprisoned a man, defendant appealed, to Superior Court, a Judge Hoffman held that  trial counsel had at sentencing felt compelled to picture codefendant as less guilty party and pictured defendant as party worthy of strict treatment and failed to have anyone present to testify on behalf of defendant in contrast to his preparation on behalf of codefendant and both defendant and codefendant received 50- to 100-year sentences, defendant was possibly harmed by counsel's actions and conflict of duties and was entitled to relief.  Judgment of sentence vacated, defendant  permitted to withdraw his plea of guilty, etc. As Corrected Dec. 31, 1969. The man was jailed from 1951 to 1969, yet, C.L. Guerin, was only a Justice of the Peace.

25d. Plaintiff claims, P.R.C.P. 1006(a.1)(c2), 42 Pa. C.S. §5101.1(c), a Medical Professional Liability claim. 'Every person for a legal injury done him in person or reputation has a remedy by due course of law and right and justice , …  .' 'Any claim seeking the recovery of damages or loss arising out of any breach of contract, (Attorney), …  .' Remedy to exist for legal injury, Venue in medical professional liability claim. P.R.C.P. 1042.1(a)(c2), Professional liability claim asserted against an Attorney at law.

26. M.D.J. 38-1-16, Margaret A. Hunsicker, presided at non-Traffic Citation # P7242544-1, Exhibit 51, 01/04/09. And, non-Traffic Citation # P7928132-2, Exhibit 52, 06/26/09. Both citations regarded a Vivana Escobedo, an undocumented Immigrant.

26a. Ms. Hunsicker and officer R. Emrich, (Emrich wrote both citations), he'd stolen my personal identifying information and sought to Entrap me with and to this illegal immigrant. Entrapment and complicity!

26b. R. Emrich wrote the citation, 01/04/09, as though the female had been residing across the street from my 561 E. Main St. address. Emrich

wrote that citation, Exhibit 51, for Arch St. and E. Chestnut St., when and after I'd exited my residence (561 E. Main St., Norristown) and walked along west to E. Main St and Walnut St. The Latino female headed me off at E. Main St. and Walnut St. She then preceded followed me from along west E. Main St. to Arch St. then to Arch St. and E. Chestnut St. As though she'd telephoned the police I'd been following her. I never saw R. Emrich at Arch St. and E. Chestnut St. And Emrich never saw me in proximity to the female. The M.D.J., 38-1-16, M.A. Hunsicker had told the girl to follow me!?

26c. The Italian, Anthony Gargano, who rented the 556 E. Main St. house, across the Street from my 561 E. Main St. address, when I'd spoke with him he mentioned he'd never heard or seen that name, Viviana Escobedo, renting at 556 E. Main St.

26d. The cases was thrown out because the Court had known of the second citation at the time the first citation hearing was convening.

26e. It was to the CR-3259-09 court proceeding that I'd mentioned to the Judge Hodgson, the night before the Oct/ 29th, 2009 5 the hearing, I'd seen this Viviana Escobedo and this Ms. Whighaz, Exhibit 44, following me as I'd turned the corner of Green St. onto the 200 Block of E. Main St. They'd been in proximity to and of each other near this McManus Custom Hearing Aid Center, 254 E. Main St. The Judge Hodgson didn't want to hear any of it.

26f. Several months later I'd been at the M.D.J., 38-1-16, M.A. Hunsicker office and asked for the documentation of those two Citations, Exhibits 51, 52, and the office staff mentioned 'the persons name was changed to Martinez!'

27. I received this citation, Cit. # B2061435-5, Exhibit 53, along Stenton Av., 10/07/06. When it is I go attend the citation hearing at M.D.J. 38-1-08, Bruce Rd., Oreland, Exhibit 54, of the Mr. William R. Householder court, there's the Mr. Robert A. Saraceni, Sr., Exhibit 1, presiding at the Mr. W.R. Householder, 38-1-08, court. Mr. Saraceni, Sr., his commission had been expired.

28. Another non-Traffic Citation, Cit. # P9426090-2, 08/06/2011, Exhibit 55. This undocumented Immigrant male, came out of the 542 E. Main St. house (across the Street from my 561 E. Main St. residence, with a Latino female. I'd

been heading back to my 561 E. Main St. residence. The male Latino knocked the unopened can of beer out of my hand. The impact of the beer can to the surface of the sidewalk didn't cause the beer can to burst open. That's when the Borough officer A. Santo's drive-d up.

28a. This Norristown Borough officer, later, in the Norristown Times Herald, was accused of fondling and raping a 12-13 year old in Chester CTY.

28b. The Ms. Hunsicker, 38-1-16, recused herself from hearing the citation and the hearing had gone to the M.D.J., 38-1-25, James Gallagher, in Bridgeport. Cit. # P9426090-2, 08/06/2011, Exhibit 55. 'He' didn't extend to me any Assistance of Counsel, nor any due process of law protection clause rights adherence. And, he'd made the undocumented immigrant as if he was to be in this country legally and extended to him some Representation(?).

29. This citation, Cit. # B307445-3, 12/31/2006, Exhibit 56, was given to me by the Borough police, S. Stowell. He had entrapped me and tried leading me on that I'd ran a STOP sign.

30. This citation, Cit. # B0965143-4, 08/13/2006, Exhibit 57, was given to me by the C. Narkin. He stole my automobile out from under me and had it towed and lied as to what I did.


RELIEF: Equitable relief is sought with respect to the property, P.R.C.P. 1006(a2), and, Declaratory relief. Alternative relief, Expungement of record. Right of participants to receive Reasonable counsel Attorney's fees, 42 Pa. C.S. § 2503(9). And, Extraordinary relief. Mental anguish, Emotional distress, personal injury.


WHEREFORE, in Conclusion, the Defendants have 'tolled' the statutes and your Plaintiff prays that the cited information and accompanying Exhibits get plaintiff's prayers requested.

Joe. Sims 11/25/15

Joseph Sims

561 E. Main St., Norristown, PA 19401

IN THE UNITED DTATES DISTRICT FOR THE EASTERN DISTRICT OF   PENNSYLVANIA

Joseph Sims                                      COMPLAINT CIVIL ACTION
     PLAINTIFF, Pro Se                                    No. 15-5426
     Vs.                                           CASE No. 2011-23784
M.D.J. Francis J. Lawrence, Sr., M.D.J. Robert A.     CASE No. 1991-04865
Saraceni, Sr., Thomas C. Egan, III, Daniel Glammer, (aka, Robert Glammer)
Garrett D. Page, Susan M. Markofsky, Jdg. Stanley Ott,
Kevin McKeon, Joseph Byrnes, M.D.J. Francis J. Lawrence, Jr.,
Kate M. Kelly, Cheryl L. Austin, Joanne Mancini, John P. Gregg,
Wendy Demchick-Alloy, Methuselah Bradley, Thomas McBride,
Joseph J. Hylan, Chris Parisi, Frank Flick, M.D.J. Margaret A.
Hunsicker, Stephen Geday, Regina B. Guerin, Joseph Benson,
S. Stowell, A. Santo, R. Emrich, C. Narkin              DEFENDANTS

## VERIFICATION

I, Joseph Sims, Pro Se, Plaintiff, litigant, to the above captioned and titled
pleading, states that the foregoing subject matter of this CIVIL ACTION
COMPLAINT and the facts within the Complaint to join additional
defendants, are true and correct to the best of my knowledge, information,
and belief, and that this Complaint and statements is made subject to the
penalties of 18 Pa. C.S. §4904, relating to unsworn falsifications to authorities,
and in accordance with Pennsylvania Rules of Civil Procedure 1024(a)(c).

Joseph Sims, Pro Se, Plaintiff
561 E. Main St.
Norristown, PA 19401

11/25/15

IN THE UNITED STATES DISTRICT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Joseph Sims                                    COMPLAINT CIVIL ACTION

    PLAINTIFF, Pro Se                          No. 15-5426

        Vs.                                  CASE No. 2011-23784

M.D.J. Francis J. Lawrence, Sr., M.D.J. Robert A.          CASE No. 1991-04865

Saraceni, Sr., Thomas C. Egan, III, Daniel Glammer, (aka, Robert Glammer)

Garrett D. Page, Susan M. Markofsky, Jdg. Stanley Ott,

Kevin McKeon, Joseph Byrnes, M.D.J. Francis J. Lawrence, Jr.,

Kate M. Kelly, Cheryl L. Austin, Joanne Mancini, John P. Gregg,

Wendy Demchick-Alloy, Methuselah Bradley, Thomas McBride,

Joseph J. Hylan, Chris Parisi, Frank Flick, M.D.J. Margaret A.

Hunsicker, Stephen Geday, Regina B. Guerin, Joseph Benson,

S. Stowell, A. Santo, R. Emrich, C. Narkin          DEFENDANTS

## NOTICE TO PLEAD

TO: The Attorneys' for the County Defendants, Adverse Parties,

      You are hereby notified to file a written response to the enclosed, CIVIL
ACTION COMPLAINT to join additional defendants, within twenty (20) days
from service hereof or a judgment may be entered against you. Pursuant to the
Pennsylvania Rules of Civil Procedure 1361.

11/25/15

Pro Se, Plaintiff

Party Filing Pleading

561 E. Main St.

Norristown, PA 19401

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

Joseph Sims,                                    COMPLAINT CIVIL ACTION

    PLAINTIFF                               No. 15-5426
    Vs.                                     CASE No. 1991-04865

M.D.J. Francis J. Lawrence, Sr., M.D.J. Robert A.          CASE No. 2011-23784

Saraceni, Sr., Thomas C. Egan, III, Daniel Glammer, (aka, Robert Glammer)

Garrett D. Page, Susan M. Markofsky, Jdg. Stanley Ott,

Kevin McKeon, Joseph Byrnes, M.D.J. Francis J. Lawrence, Jr.,

Kate M. Kelly, Cheryl L. Austin, Joanne Mancini, John P. Gregg,

Wendy Demchick-Alloy, Methuselah Bradley, Thomas McBride,

Joseph J. Hylan, Chris Parisi, Frank Flick, M.D.J. Margaret A.

Hunsicker, Stephen Geday, Regina B. Guerin, Joseph Benson,

S. Stowell, A. Santo, R. Emrich, C. Narkin          DEFENDANTS

## PROOF OF SERVICE

    Plaintiff Pro Se, Joseph Sims, certifies that he has served a true and correct copy of the NOTICE TO PLEAD, P.R.C.P. 1361, Verification, P.R.C.P. 1024(a), and, Complaint to join additional Defendants, and, Exhibits to Complaint, to the opposing parties Attys., in the manner set forth below in accordance with the Rl. 122, P.R.App.P.

Geri Romanello St. Joseph, 1515 Market St., Suite 1414, Phila., PA 19102

Philip W. Newcomer, Atty. for CTY. Defendants, One Montg. Plaza, P.O. Box 311, Suite 800, Ntn., PA 19404

Kenneth R. Wilson, Atty. for CTY. Defendants, U.S.D.C., 2609 U.S. CRT. HSE., 601 Market St., Phila. PA 19106

                                                       11/25/15   Pro Se, Plaintiff

                                                              561 E. Main St.

                                                     Norristown, Pa. 19401