### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH K. SIMS** | : | **CIVIL ACTION** |
| *Plaintiff – Pro se* | : | |
| | : | **NO. 15-5426** |
| **v.** | : | |
| | : | |
| **JOHN P. GREGG, et al.** | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                      FEBRUARY 28, 2017

## MEMORANDUM OPINION

**INTRODUCTION**

Before this Court are: (a) *motions to dismiss* filed pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6) by Defendants Thomas C. Egan, III, Daniel Glammer, Susan M. Markofsky, Cheryl L. Austin, Joanne Mancini, John P. Gregg, Wendy Demchick-Alloy, Thomas McBride, Joseph J. Hylan, Chris Parisi, Stephen Geday and Regina B. Guerin, [ECF 23], and Defendant Kate M. Kelly, [ECF 25], (collectively, "Moving Defendants"), and (b) a *motion for appointment of counsel* filed by Plaintiff Joseph K. Sims ("Plaintiff"), acting *pro se*. [ECF 38]. In their motions, Moving Defendants seek the dismissal of this action for either a lack of subject matter jurisdiction pursuant to Rule 12(b)(1) or for a failure to state a claim on which relief can be granted pursuant to Rule 12(b)(6), and specifically argue that Plaintiff's claims are barred either by the statute of limitations, the *Rooker-Feldman* and *Heck* doctrines, or absolute immunity. The motions to dismiss and the motion for appointment of counsel are opposed. The issues presented in these motions have been fully briefed and are ripe for disposition.

For the reasons set forth, the motion for appointment of counsel is denied, the motions to dismiss are granted, and this matter is dismissed with prejudice.

**BACKGROUND**

Plaintiff, proceeding *pro se*, initiated this action on September 30, 2015, [ECF 1]. He filed an amended complaint on November 11, 2015, [ECF 25], and a "Claim for Relief" on March 17, 2016, [ECF 21], which was later construed and docketed on April 13, 2016, as a second amended complaint.[1] [ECF 28]. Plaintiff's 36-page second amended complaint contains vague and incoherent rambling assertions against 28 named Defendants,[2] charging them with violating his federal and state constitutional rights during the prosecution of five state court criminal cases, four of which resulted in a conviction, and which were initiated against him during the period of 1990 to 2009, in the Court of Common Pleas for Montgomery County, Pennsylvania.[3] [ECF 28 at 1]. The second amended complaint is, however, vague and/or devoid of any specific factual allegations against Moving Defendants. Instead, the second amended complaint consists of conclusory assertions that Moving Defendants committed misdeeds during the prosecution of these four Montgomery County criminal cases. By way of example, Plaintiff alleges that:

---

[1]   On March 17, 2016, Plaintiff filed a document titled "Claim for Relief," [ECF 21], which this Court reviewed and by Order dated April 13, 2016, [ECF 27], construed the pleading as a second amended complaint, and directed the Clerk to docket it as of the date of said Order.

[2]   The Defendants are judges, prosecutors, members of their staff, public defenders, private defense counsel, and/or police officers.

[3]   The five criminal cases are: (1) *Comm. v. Sims*, Docket No. CR 4070-1990; (2) *Comm. v. Sims*, Docket No. CR 1900-2000; (3) *Comm. v. Sims*, Docket No. CR 9120-2001; (4) *Comm. v. Sims*, Docket No. CR 1761-2006; and (5) *Comm. v. Sims*, Docket No. CR 3259-2009. According to the public records available for these cases, copies of which were attached as an exhibit to one of the motions to dismiss, the first case was *nolle prossed* and the other four cases resulted in guilty pleas for, *inter alia,* aggravated assault, stalking/intent to place in fear, criminal mischief-damage property, and harassment-follow in public place, respectively. [ECF 23-2]. This Court may consider these public records. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.").

- Defendants Egan, III, Glammer, and Markofsky used a legal process without probable cause against plaintiff, Thomas Egan's name-signature, are not on any case paper work for [two of the criminal cases], primarily to accomplish a purpose for which the process was not designed. [ECF 28 at 7-8] (emphasis removed).
- No probable [c]ause for CR 1900-00. Only the [p]olice criminal complaint, or, M.D.J., Francis J. Lawrence, Jr. (*Id.* at 17).
- In the [n]otes of [t]ranscript, Kate Kelly and Cheryl Austin, moved, from-to, Defendant and [w]itness, referring to plaintiff. The three of they, M.D.J., 38-1-15, F.J. Lawrence, Jr., Kate Kelly and Cheryl Austin, misrepresented the 01/09/01, Judge trial at the Montg. CTY. CRT. House before the JDG. Del Ricci. (*Id.* at 18-19) (emphasis removed).
- With CR 1900-00, Kate M. Kelly and Cheryl L. Austin, actually represented Frank Snowden [], a wooden handle knife, so dull it wouldn't cut butter, currently also in the Borough Police property room. (*Id.* at 24).
- Christopher Parisi with Frank Flick, used a legal process CR 1761-06, EXHIBIT C 25, as CR 1900-00, [there was Frank Snowden again in plaintiff's Mother's house seducing her with narcotics, 06/05/06 dates on EXHIBITS 20, 25, 26, Amended Complaint], as, procurement, initiation and continuation of civil proceedings, without probable cause, against plaintiff . . . . (*Id.* at 26) (emphasis removed) (brackets in original).
- He, Chris Parisi, committed the double jeopardy of CR 4070-90 and CR 4063-90, as, CR 1900-00 and Theft by Deception . . . . (*Id.*).

As stated, Moving Defendants move to dismiss Plaintiff's claims as barred by the statute of limitations, by the *Rooker-Feldman* doctrine and the *Heck* doctrine, and/or absolute immunity. [ECF 23 at 7-11; ECF 25 at 6-7]. Plaintiff opposes the motions to dismiss. [ECF 30].

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(1) challenges the existence of subject matter jurisdiction. As the party invoking this Court's jurisdiction, Plaintiff bears the burden of proving that the requisite jurisdictional requirements are met. *Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir. 1995); *Packard v. Provident Nat'l Bank*, 994 F.2d 1039,

3

1045 (3d Cir. 1993). "[W]hen there is a fact question about whether a court has jurisdiction, the trial court may examine facts outside the pleadings . . . '[b]ecause at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case.'" *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Therefore, this Court is free to consider evidence outside the pleadings, including publicly available records, to resolve any factual issue bearing on the court's jurisdiction. *See Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997); *Jiricko v. Bennett, Bricklin & Saltzburg, LLP*, 321 F. Supp. 2d 636, 640 (E.D. Pa. 2004).

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*. To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge [her] claims across the line

from conceivable to plausible.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

Even though pleadings and other submissions by *pro se* litigants are subject to liberal construction and the court is required to accept the truth of a plaintiff's well-pleaded allegations while drawing reasonable inferences in a plaintiff's favor, *Wallace v. Fegan*, 455 F. App'x 137, 139 (3d Cir. 2011) (citing *Capogrosso v. Sup. Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam)), a *pro se* complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

**DISCUSSION**

In construing the second amended complaint liberally, Plaintiff attempts to assert federal and state constitutional and/or statutory claims premised on Moving Defendants' alleged wrongful conduct in the prosecution of the five Montgomery County criminal cases discussed *supra*, the last of which commenced in 2009 and concluded on April 8, 2010. [ECF 28; ECF 23-2 at 2]. Based upon the date of this last criminal matter, Moving Defendants contend that Plaintiff's federal and state law claims are barred by the statute of limitations. Moving Defendants also contend that the alleged constitutional and statutory claims arising from the prosecution and convictions in four of the criminal proceedings are barred under the *Rooker-Feldman* doctrine [4] and the *Heck* doctrine. [5] Finally, Moving Defendants argue absolute immunity applies. On all counts, this Court agrees.

---

[4]  The Supreme Court laid out the principles of this doctrine in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

[5]  *Heck v. Humphrey*, 512 U.S. 477 (1994).

*Statute of Limitations*[6]

There is no specific federal statute of limitations for federal constitutional claims brought under 42 U.S.C. § 1983 ("§ 1983"). "When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law . . . ." *Wilson v. Garcia*, 471 U.S. 261, 266 (1985). In *Wilson*, the Supreme Court concluded that § 1983 claims "should be classified as claims for personal injury for the purpose of determining the limitations period under the applicable state law." *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993) (citing *Wilson*, 417 U.S. at 272-76). Under this framework, § 1983 claims arising in Pennsylvania are subject to Pennsylvania's two-year limitations period for personal injury actions.[7] *Id.* Subsequent to *Wilson*, Congress enacted 28 U.S.C. § 1658 ("§ 1658"), which provides that "a civil action arising under an Act of Congress enacted after the date of the enactment of this section [December 1, 1990] may not be commenced later than 4

---

[6] Generally, a district court should not entertain a statute of limitations defense in the context of a Rule 12(b)(6) motion. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994). However, "an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Id.*; *Brown v. Montgomery Cty.*, 470 F. App'x 87, 90 (3d Cir. 2012) ("[U]nder the law of this Circuit (the so-called 'Third–Circuit Rule'), such a [statute of limitations] defense may be asserted by motion to dismiss if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.") (internal quotations omitted); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense."). Because Plaintiff's complaint identifies the five criminal proceedings that form the basis for the alleged wrongful conduct, and because the relevant dates for these proceedings are part of the public record, this Court can consider Moving Defendants' statute of limitations argument.

[7] Pennsylvania law provides that the "following actions and proceedings must be commenced within two years: (1) action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process. (2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another." 42 Pa. Cons. Stat. § 5524(a)-(b).

years after the cause of action accrues." 28 U.S.C. § 1658(a). Thus, to the extent that § 1658 applies to Plaintiff's federal claims, they are subject to a four-year statute of limitation. To the extent, however, that § 1658 does not apply, Plaintiff's § 1983 claims, as well as his state law claims, would be subject to Pennsylvania's two-year limitations period for personal injury actions. *See Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993).

Here, Plaintiff's federal claims appear to be based on an alleged violation of the Second, Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, and are not based on "an Act of Congress enacted after December 1, 1990." Thus, Pennsylvania's two-year statute of limitations, and not the federal four-year catch-all statute, applies to Plaintiff's claims. Notwithstanding, even giving Plaintiff the benefit of the longer four-year statute of limitations does not preserve his claims. All of Plaintiff's claims relate to five criminal proceedings, the latest of which concluded on April 8, 2010, more than five years before Plaintiff commenced *this* action.[8] Thus, these claims are barred by the statute of limitations. Accordingly, the motions to dismiss are granted on this ground.[9]

---

[8] Plaintiff also references an August 12, 2011 letter and an August 23, 2011 letter from the Pennsylvania State Police sent to him in response to his Pennsylvania Instant Check System Challenge. [ECF 28-1 at 29-30]. These letters reference several earlier convictions that Plaintiff contends to be "clerical error[s] caused by Kate Kelly". [ECF 28 at 25]. Reading the second amended complaint liberally, and assuming that Plaintiff means that the convictions did not occur and were instead clerical errors, the allegations do not suggest that Defendant Kelly caused the alleged clerical errors in August 2011. Instead, it would appear that she allegedly caused these clerical errors at some earlier point which the Pennsylvania State Police then referenced in the two August 2011 letters. Thus, Defendant Kelly's alleged conduct occurred outside the statute of limitations. Further, even if Plaintiff is arguing that the "clerical errors" constituted a violation of his constitutional rights in August 2011, Plaintiff did not initiate this action until September 30, 2015, over four years later. Plaintiff's claims, even if some of them accrued in August 2011, are time barred.

[9] In his response to the motions to dismiss, Plaintiff conclusorily asserts that this action is not time-barred, and appears to argue that the claims he asserts in his second amended complaint relate back to his original pleading, and that his pleading should not be stricken unless it is devoid of factual basis on its face. [ECF 30 at 5]. However, Plaintiff initiated this case on September 30, 2015, more than four years after the final criminal case at issue concluded. Thus, these allegations, on their face, support this Court's

### *Rooker-Feldman and Heck Doctrines*[10]

As noted *supra*, Plaintiff's claims are all premised on alleged wrongful conduct in the state prosecution of the five criminal cases, four of which resulted in guilty pleas and convictions. [ECF 23-2]. Only *Comm. v. Sims*, Docket No. CR 4070-1990, did not result in a conviction having been *nolle prossed* on November 8, 1990.[11] (*Id.*). While the allegations in the second amended complaint are not entirely clear, to the extent Plaintiff challenges the conduct of the Moving Defendants in relation to these four convictions, including arguments of lack of probable cause in those cases, this Court lacks jurisdiction to consider such claims under the *Rooker-Feldman* and *Heck* doctrines.

The *Rooker-Feldman* doctrine provides that federal district courts lack jurisdiction over suits that are essentially appeals from state court judgments. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). The *Rooker-Feldman* doctrine specifically bars a federal claim "if the claim was 'actually litigated' in state court or if the claim is 'inextricably intertwined' with the state adjudication." *ITT Corp. v. Intelnet Int'l Corp.*, 366 F.3d 205, 210 (3d Cir. 2004). A federal claim is "inextricably intertwined" with a state adjudication when "(1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take action that would negate the state court's judgment." *Knapper v. Bankers Trust Co.*, 407 F.3d 573, 581 (3d Cir. 2005). The *Rooker-Feldman* doctrine bars a federal claim in a district court where: "(1)

---

opinion that Plaintiff's claims were brought after the expiration of the statute of limitations. Plaintiff's arguments to the contrary lack merit.

[10] Plaintiff does not address Moving Defendants' *Rooker-Feldman* or *Heck* arguments.

[11] It is clear that any alleged misconduct related to CR 4070-1990 occurred well outside the statute of limitations.

the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great Western Mining*, 615 F.3d at 166 (citations omitted).

Here, when considering the allegations in Plaintiff's second amended complaint, the four prongs necessary to implicate the *Rooker-Feldman* doctrine are met and, therefore, bar this Court's jurisdiction over this matter. Specifically, Plaintiff appears to assert, *inter alia*, that the criminal prosecutions in these matters were brought without probable cause, that he was not permitted to confront witnesses against him during any of the proceedings, and that he was subject to double jeopardy in violation of the Fifth Amendment. [ECF 28 at 10, 13, 16-18]. Plaintiff appears to be asserting continuing harm as a result of these criminal judgments, in part, because his firearm was not returned to him, (*id.* at 14-15), monetary loss in the form of bail, (*id.* at 20), denial of a concealed firearm permit, (*id.* at 25), and the loss of veterans benefits. (*Id.* at 33). All of these judgments were entered before the instant lawsuit was filed. As pleaded, Plaintiff's claims are "inextricably intertwined" with those state court criminal proceedings and judgments, which would require this Court to "determine that the state court judgment[s were] erroneously entered" or "take action that would negate the state court's judgment[s]." *Knapper*, 407 F.3d at 581; *see also Desi's Pizza, Inc. v. Wilkes-Barre*, 321 F.3d 411, 421 (3d Cir. 2003). This is something this Court cannot do under the *Rooker-Feldman* doctrine. *See Imhoff v. Disalle*, 2014 WL 3055367, at *4 (W.D. Pa. July 3, 2014) (dismissing case under *Rooker-Feldman* because the plaintiff's constitutional claims were inextricably intertwined with the state court criminal proceeding and judgment). Any disagreement and/or challenge is appropriately done using the state appellate process and not by review of the state court orders in federal court.

Likewise, Plaintiff's § 1983 claims are precluded by *Heck v. Humphrey*, 512 U.S. 477 (1994). As established in *Heck*, a plaintiff may not pursue a claim under § 1983 that directly or implicitly calls into question the validity of his conviction unless he demonstrates that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87; *see also Gilles v. Davis*, 427 F.3d 197, 209 (3d Cir. 2005); *Bush v. Philadelphia Police Dept.*, 387 F. App'x 130, 132 (3d Cir. 2010). Here, Plaintiff's constitutional claims all implicitly call into question the validity of his state convictions, none of which have been reversed, expunged, or declared invalid. Thus, Plaintiff's § 1983 claims related to these criminal cases are barred, as a matter of law, by *Heck*.

### *Absolute Immunity*

Moving Defendants also argue that the eight Moving Defendants who are prosecutors or members of the prosecution's staff[12] are entitled to absolute immunity. It is well established that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Because Plaintiff's claims against the prosecutors all relate to their conduct in initiating and conducting criminal proceedings against Plaintiff, Moving Defendants Thomas C. Egan, III, Susan M. Markofsky, Cheryl L. Austin, Joanne Mancini, Wendy Demchick-Alloy, Thomas McBride,

---

[12] Moving Defendants Thomas C. Egan, III, Susan M. Markofsky, Cheryl L. Austin, Wendy Demchick-Alloy, Thomas McBride, Chris Parisi, and Stephen Geday are all current or former prosecutors. Moving Defendant Joanne Mancini is a secretary from the Montgomery District Attorney's Office.

Chris Parisi, and Stephen Geday are entitled to absolute immunity. Therefore, Plaintiff's claims against these Moving Defendants are dismissed on this basis.[13]

*Non-Moving Defendants*

In addition to the Moving Defendants, Plaintiff named the following additional individuals as Defendants in this matter: Magisterial District Judge Francis J. Lawrence, Sr., Magisterial District Judge Robert A. Saraceni, Sr., Montgomery County Common Pleas Judge Stanley Ott, Magisterial District Judge Francis J. Lawrence, Jr., Magisterial District Judge Margaret A. Hunsicker,[14] Kevin McKeon, Joseph Byrnes, Joseph Benson, S. Stowell, A. Santo, R. Emrich, C. Narkin,[15] Methuselah Bradley, and Frank Flick[16] ("Non-Moving Defendants").

A review of the docket suggests that the Non-Moving Defendants have not been served with the complaint or summons as required by Rule 4. Fed. R. Civ. P. 4(c)(1).[17] In addition, no attorneys have entered an appearance on behalf of the Non-Moving Defendants, the Non-Moving Defendants do not appear to be proceeding *pro se*, and none have filed any responsive pleading, including a motion to dismiss. Nonetheless, for the reasons discussed regarding the Moving

---

[13] In addition, Plaintiff's § 1983 claims against Moving Defendants Daniel Glammer, John P. Gregg, Joseph J. Hylan, and Regina B. Guerin, all public defense attorneys from the Montgomery County Public Defender's Office, fail because a "public defender does not act under color of state law when performing a traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also Newton v. City of Wilmington*, 2017 WL 221788, at *1 (3d Cir. Jan. 19, 2017 ("The attorneys who represented [the defendant] in his criminal proceedings are not state actors for the purposes of 42 U.S.C. § 1983.") (citing *Polk*).

[14] Non-Moving Defendants Magisterial District Judge Francis J. Lawrence, Sr., Magisterial District Judge Robert A. Saraceni, Sr., Montgomery County Common Pleas Judge Stanley Ott, Magisterial District Judge Francis J. Lawrence, Jr., Magisterial District Judge Margaret A. Hunsicker are all state court judges.

[15] Non-Moving Defendants Kevin McKeon, Joseph Byrnes, Joseph Benson, S. Stowell, A. Santo, R. Emrich, and C. Narkin are all police officers.

[16] Non-Moving Defendants Methuselah Bradley and Frank Flick are private defense attorneys.

[17] The 90 days in which service must be accomplished has passed. Fed. R. Civ. P. 4(m).

Defendants, it is undisputed that Plaintiff's claims against the Non-Moving Defendants are also time-barred, and that this Court lacks jurisdiction over the claims related to the four criminal convictions. Thus, this Court will *sua sponte* dismiss the claims against the Non-Moving Defendants. *Coulter v. Unknown Prob. Officer*, 562 F. App'x 87, 89 (3d Cir. 2014) (affirming district court's *sua sponte* dismissal of non-moving defendant where the ground raised by the moving defendants were common to all defendants and the plaintiff had an opportunity to respond to the moving defendants' arguments); *Fleck v. Univ. of Pennsylvania*, 2013 WL 12141349, at *7 (E.D. Pa. Feb. 20, 2013) (dismissing Equal Protection claim against non-moving defendants on the same grounds as the court dismissed the claim against the moving defendants); *see also Minnesota Lawyers Mut. Ins. Co. v. Ahrens*, 432 F. App'x 143, 147–48 (3d Cir. 2011) ("The district court may on its own initiative enter an order dismissing [an] action provided that the complaint affords a sufficient basis for the court's action.").

### *Leave to Amend*

Although the Third Circuit has directed that a district court must ordinarily provide a civil rights plaintiff an opportunity to file an amended complaint where the original complaint is subject to dismissal under Rule 12(b)(6), *see Phillips*, 515 F.3d at 245 (reiterating the rule that leave to amend must be granted *sua sponte* in civil rights actions, "unless such an amendment would be inequitable or futile."), in this case the Plaintiff has twice amended his complaint. It is this Court's opinion that any further attempt to amend the complaint would be legally futile. As discussed above, Plaintiff appears to allege wrongful conduct regarding five criminal proceedings, the last of which concluded on April 8, 2010. The statute of limitations, as well as the *Rooker-Feldman* and *Heck* doctrines, bar all of Plaintiff's claims and, therefore, deprive this

Court of jurisdiction. Accordingly, this Court finds that any attempt to amend the complaint a third time would be legally futile.

### *Motion for Appointment of Counsel*

In his motion for appointment of counsel, Plaintiff notes that he has been unable to obtain the assistance of counsel and requests that this Court appoint an attorney to represent him. [ECF 37 at 1-2]. Plaintiff provides no support, legal or factual, for his request. Generally, "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). A district court, however, has the discretion to appoint counsel to an indigent litigant "upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). Assuming, *arguendo*, that Plaintiff is indigent despite being denied *in forma pauperis* status, [ECF 2],[18] Plaintiff has not, and cannot, show that without the assistance of counsel he will be unable to prosecute a meritorious case. As explained *supra*, Plaintiff's claims are all barred, *inter alia*, by the statute of limitations. The assistance of counsel will not render Plaintiff's claims timely. For this reason, Plaintiff's motion to appoint counsel is denied.

**CONCLUSION**

For the reasons stated herein, Moving Defendants' motions to dismiss are granted, and Moving Defendants are dismissed from this action. Non-Moving Defendants are *sua sponte* dismissed from this case. Consequently, Plaintiff's second amended complaint is dismissed for

---

[18] Plaintiff's motion to proceed *in forma pauperis*, [ECF 1] was denied because Plaintiff has a monthly income of $2,700.00, no dependents, and has a house valued at $40,000.00. [ECF 2].

13

failure to state a claim upon which relief can be granted. In addition, Plaintiff's motion for appointment of counsel is denied.

An Order consistent with this Memorandum Opinion follows.


NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.